# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF NEW YORK

| In re | ) | |
| --- | --- | --- |
| | ) | |
| | ) | |
| Robert J. McPhail and Patricia D. McPhail | ) | |
| | ) | Case No. 02-15229 |
| | ) | |
| | ) | Chapter 13 |
| | ) | |
| Social Security No(s). xxx-xx-3457 & xxx-xx-5615 and all | ) | |
| Employer's Tax Identification No(s). *[if any]* | ) | |
| | ) | |

## APPLICATION FOR PAYMENT OF UNCLAIMED FUNDS

Dilks & Knopik, LLC of 28431 SE Preston Way, Issaquah, WA 98027, Attorney-in-Fact for Erin Capital Management, LLC of c/o Eltman, Eltman & Cooper PC 140 Broadway, New York, NY 10005, being duly sworn, deposes and says:

That Dilks & Knopik, LLC is the Attorney-in-Fact for Erin Capital Management, LLC and a Power of Attorney is attached to the Application.
That Erin Services Co., LLC is a creditor of the above named debtor.
That Robert J. McPhail and Patricia D. McPhail was duly adjudged a debtor in the United States Bankruptcy Court for the Northern District of New York.
That said creditor duly filed his/her claim, which was thereafter duly allowed.
That dividends amounting to the sum of $2,224.53 remain unpaid.
That the said claim has not been sold or assigned, and that it is still the property of deponent.
That the deponent is not aware of any dispute regarding the claim at issue.
That the trustee report lists Erin Services Co., LLC with an address of c/o Eltman, Eltman & Cooper, 845 North Broadway, White Plains, NY 10603.
That Erin Capital Management, LLC is a Delaware Series Limited Liability Company, a Member of one or more Series including Erin Services Co., LLC and is Managed by James Brian Boyle, as evidenced by exhibit A
That Eltman, Eltman & Cooper PC is a law firm who provides collection, litigation and other services on behalf of Erin Capital Management, LLC and its subsidiaries or affiliates, as evidenced by exhibit B.
That at the time if the bankruptcy filing Eltman, Eltman & Cooper PC used the address on record, as evidenced by exhibit C.
That James Brian Boyle is the CEO of Erin Capital Management, LLC and is also an attorney at Eltman, Eltman & Cooper PC., as evidenced by the business card attached.

It is therefore requested that the Clerk of the Court pay to Erin Capital Management, LLC c/o Dilks & Knopik, LLC $2,224.53.

Brian J. Dilks, Managing Member
Dilks & Knopik, LLC
PO Box 2728
Issaquah, WA 98027
(425) 836-5728

SUBSCRIBED AND SWORN to before
Me this 16 day of June, 2009

Notary Public

F:67(10/25/2001)



UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

RE: Robert & Patricia McPhail  )  Case: 02-15229
                               )
                               )  **FILED**
                               )  AUTHORITY TO ACT
                               )  Limited Power of Attorney
                               )  Limited to one Transaction
Debtor(s)                      )  SEP - 9 2009

**RECEIVED JUN 2 2 2009** — OFFICE OF THE BANKRUPTCY CLERK, ALBANY, NY

### USED ONLY TO COLLECT FUNDS FROM THE ABOVE REFERENCED CASE

1. **Erin Capital Management, LLC** with a tax identification number of 72-159 0312 ("CLIENT"), appoints Dilks & Knopik, LLC ("D&K"), as its lawful attorney in fact for the limited purpose of recovering, receiving and obtaining information pertaining to the outstanding tender of funds in the amount of **$2,224.53** (the "FUNDS"), including the right to collect on CLIENT's behalf any such funds that are held by a governmental agency or authority.

2. CLIENT grants to D&K the authority to do all things legally permissible and reasonably necessary to recover or obtain the FUNDS held by the governmental agency or authority. This limited authority includes the right to receive all communications from the governmental agency or authority and to deposit checks payable to CLIENT for distribution of the FUNDS to CLIENT, less the fee payable to D&K pursuant to and in accordance with its agreement with CLIENT.

3. D&K may not make any expenditure or incur any costs or fees on behalf of CLIENT without CLIENT's prior written consent.

4. This Authority to Act shall become effective on the below signed date and shall expire upon collection of the aforementioned FUNDS. I authorize the use of a photocopy of this Limited Power of Attorney in lieu of the original.

Signature: [signed]                      Date: JUNE 10, 2009

Print Name: James Brian Boyle            Title: CEO

**ECM — ERIN CAPITAL MANAGEMENT™**
35 East 21st Street, 5th Floor
New York, NY 10010
office 212.660.3180
fax 212.660.3101
jbboyle@erincapital.com
www.erincapital.com

JAMES BRIAN BOYLE
CEO

Affix Corporate Seal Below
Or if Corporate Seal Unavailable Sign Affidavit Below:

*AFFIDAVIT IF CORPORATE SEAL IS UNAVAILABLE*
BE IT ACKNOWLEDGED, that the undersigned hereby says under oath that the corporate seal for Erin Capital Management, LLC is presently *unavailable to the undersigned*.
BY: [signed]
Signature and title

### ACKNOWLEDGMENT

STATE OF New York
COUNTY OF New York

On this 10 day of June, 2009, before me, the undersigned Notary Public in and for the said County and State, personally appeared (name) JAMES BRIAN BOYLE known to me to be the person described in and who executed the foregoing instrument, and who acknowledged to me that (circle one) he/she did so freely and voluntarily and for the uses and purposes therein mentioned.
WITNESS my hand and official seal.
NOTARY PUBLIC [signed]
Residing at New York, New York
My Commission expires 13 December 2012

CARL FOH
Notary Public, State of New York
No. 01FO5120017
Qualified in Westchester County
Commission Expires December 13, 2012



**RECEIVED**
JUN 2 2 2009
OFFICE OF THE BANKRUPTCY CLERK
ALBANY, NY

**FILED**
SEP - 9 2009
OFFICE OF THE BANKRUPTCY CLERK
ALBANY, NY



ELTMAN

ELTMAN &

COOPER PC

James Brian Boyle
Attorney at Law

140 Broadway, 26th Floor
New York, NY 10005
Telephone (212) 660-3100 Ext. 3102
Facsimile (212) 660-3197
Email jbboyle@eltmanlaw.com

RECEIVED JUN 2 2 2009 OFFICE OF THE BANKRUPTCY CLERK ALBANY, NY

FILED SEP - 9 2009 OFFICE OF THE BANKRUPTCY CLERK ALBANY, NY

# AFFIDAVIT OF CREDITOR'S PREVIOUS ADDRESS

**BE IT ACKNOWLEDGED,** that I J Brian Boyle, the undersigned deponent, belonging to the legal age, do hereby depose and say under the pains and penalties of perjury as follows:

That I, J Brian Boyle, am the CEO of Erin Capital Management, LLC. My responsibilities include, but are not limited to, the recovery and/or collection of outstanding checks and receivables of Erin Capital Management, LLC and its subsidiaries/acquisitions or affiliates. Erin Capital Management, LLC and its subsidiaries/acquisitions or affiliates have numerous branch addresses, business locations, and payment centers. The addresses of which change and/or are eliminated over time.

For this reason, it is overly burdensome, and may be impossible, to provide documentation to verify the specific address of record.

I affirm that the foregoing is true, under the penalties of perjury this _10_ day of _June_, 20_09_

_____
J Brian Boyle - CEO

STATE OF _New York_
COUNTY OF _New York_

On this _10_ day of _June_, 20_09_ before me _James Brian Boyle_ personally appeared, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the with in instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.
WITNESS my hand and official seal.

_____
Signature

Affiant: Known _X_ or Produced ID _X_
Type of ID _Drivers License_

My commission expires: _13 Dec. 2012_

CARL FON
Notary Public, State of New York
No. 01FO6120017
Qualified in Westchester County
Commission Expires December 13, 2012

State of New York      ss.)
County of New York        )

James Brian Boyle, being duly sworn, deposes and says:

1. I am the Chief Executive Officer of Erin Capital Management LLC. As such, I am fully familiar with the books, records and corporate structure of Erin Capital Management.
2. Erin Capital Management is a Delaware Series Limited Liability Company.
3. Erin Capital Management LLC is the managing member of Erin Services, LLC and/or Erin Services Co. LLC.
4. I am responsible for the management of each Series within Erin Capital Management LLC and hereby attest that Erin Services LLC and Erin Services Co. LLC are affiliated with and do business under the umbrella of Erin Capital Management LLC.

James Brian Boyle
Chief Executive Officer
Erin Capital Management LLC

**FILED**
SEP - 9 2009
OFFICE OF THE BANKRUPTCY CLERK
ALBANY, NY

**RECEIVED**
SEP - 8 2009
OFFICE OF THE BANKRUPTCY CLERK
ALBANY, NY

STATE OF _New York_, COUNTY OF _New York_

On _3 September 2009_ before me, personally appeared (insert name of the signer) _James Brian Boyle_ personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. WITNESS my had and official seal.

(SEAL)

CARL FON
Notary Public, State of New York
No. 01F06120017
Qualified in Westchester County
Commission Expires December 13, 2012

Notary Public

My commission expires on

January 28, 2004

Eltman, Eltman, & Cooper PC
90 William Street, Suite 801
New York, New York 10038

Erin Capital Management LLC
90 William Street, Suite 802
New York, New York 10038



THIS LETTER OF AGREEMENT is made as of the 1 day of January 2003 by and between Eltman, Eltman & Cooper PC ("EE&C") and Erin Capital Management LLC ("ECM").

    WHEREAS EE&C provides collection, litigation and related services to ECM pursuant to a retainer agreement; and

    WHEREAS ECM desires to access and use the premises leased by EE&C at 90 William Street, New York, New York 10038; and

    WHEREAS ECM desires EE&C to provide certain additional services related to accounting, bookkeeping, due diligence, account management and other services not contemplated in the retainer agreement, and EE&C desires to do so, subject to the terms of this Letter of Agreement.

    THEREFORE the parties to this Letter of Agreement hereby agree as follows:

    1. <u>Occupancy.</u> Commencing August 15, 2003, ECM shall have the right to use and occupy the leased premises of EE&C at 90 William Street consisting of approximately 1,400 square feet (13.5% of the leased area) designated as Suite 802 under the same terms and conditions as set forth in the lease agreement. ECM shall obtain at its own expense a commercial general liability insurance policy, which names EE&C as an additional insured.

    2. <u>Occupancy Expense.</u> ECM shall pay on, a monthly basis, its proportionate share of all expenses related to the facility including but not limited to rent, electric, maintenance, janitorial service, real estate taxes, or other escalations.

    3. <u>Security.</u> EE&C acknowledges receipt of $18,740.00 advance rent.



4. Additional Services. EE&C shall provide such additional services as required by ECM in connection with its accounts receivable purchasing business including but not limited to accounting, bookkeeping, monthly financial statement preparation, cash management, IT services, phone switch, due diligence review, contract review, deal preparation and other such legal and non-legal services not contemplated by the retainer agreement. To the extent EE&C develops an in-house skip tracing department to supplement or replace outside vendors that expense will be considered a direct expense of the portfolios and EE&C will be reimbursed as if it were a third party vendor.

5. Fees. ECM shall pay a commercially reasonable market rate for the services received from EE&C. ECM shall be billed monthly for any additional services and provides with an invoice in sufficient detail outlining the rates and basis for costs being charged.

6. Out of Pocket Expenses. ECM agrees to reimburse EE&C for any direct expenses incurred on behalf of ECM including but not limited to the cost of PC's, printers, office equipment, postage, office supplies, skip tracing, payroll, benefits, court costs and disbursements.

7. Termination. Either party may terminate this Letter of Agreement with 60 days written notice.

8. Modification. This Letter of Agreement may not be modified unless in writing and executed by both parties.

Agreed to and accepted by:

Eltman, Eltman, & Cooper PC

By: _____
Donna M. Russo
Managing Attorney

Erin Capital Management LLC

By: _____
William Nolan

FILED
SEP - 9 2009
OFFICE OF THE BANKRUPTCY CLERK
ALBANY, NY

RECEIVED
JUN 2 2 2009
OFFICE OF THE BANKRUPTCY CLERK
ALBANY, NY

Exhibit B
Page 2 of 2

Letter of Agreement
Page 2 of 2

CITY COURT OF THE CITY OF ROCHESTER
COUNTY OF MONROE STATE OF

ERIN SERVICES CO., LLC

ACCOUNT 06585458001220302727
BATCH 10317
INDEX CV 1341/03

Plaintiff(s)

Against

DENISE STRAIGHT

262776    2425
INFORMATION SUBPOENA
AND
RESTRAINING NOTICE

Defendant(s)

TO: ESL FCU
100 Kings Highway South
Rochester, NY 14617-5541

WHEREAS, in an action between ERIN SERVICES CO., LLC as Plaintiff(s), and against DENISE STRAIGHT as Defendant(s), in the CITY COURT OF THE CITY OF ROCHESTER COUNTY OF MONROE STATE OF NEW YORK a judgment was recovered by Plaintiff(s) against Defendant(s) on 3/21/03 and entered in said court for the sum of $5,040.88 of which $5,040.88 with interest from the date of entry of judgment remains unpaid:

NOW, THEREFORE, WE COMMAND YOU, that within seven days after receipt of this subpoena you answer in writing separately and fully under oath, the questions on the reverse side of this page and return your answers in the pre-paid addressed return envelope accompanying this subpoena. False swearing or failure to comply with this subpoena is punishable as a contempt of court.

FURTHER, whereas, it appears that you owe a debt to the judgment debtor or are in possession or in custody of property in which the judgment debtor has interest; * ANY AND ALL FUNDS IN THE ACCOUNTS OF THE JUDGMENT DEBTOR(S),

DENISE STRAIGHT SS: 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 DOB:
11 CLIFTON RD CHURCHVILLE    NY, 14428

TAKE NOTICE that pursuant to subdivision (b) of section 5222 of the Civil Practice Law and Rules, which is set forth in full below, you are hereby forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as therein provided and that disobediance of this restraining notice is punishable as a contempt of court.

TAKE FURTHER NOTICE that this notice also covers all property in which the judgment debtor has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to the judgment debtor.

CIVIL PRACTICE LAW AND RULES

Section 5222(b) effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice, that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except upon the direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

TAKE FURTHER NOTICE that disobedience of the Information Subpoena and Restraining Notice is punishable as contempt of court.

DATED: 6/4/03

Donna M. Russo Esq., Attorney for the Plaintiff
Eltman, Eltman & Cooper, P.C.
845 North Broadway
White Plains, NY 10603
914-997-2491  FAX: 914-997-8804

RECEIVED
JUN 2 2 2009
OFFICE OF THE BANKRUPTCY CLERK
ALBANY, NY

FILED
SEP - 9 2009
OFFICE OF THE BANKRUPTCY CLERK
ALBANY, NY

Case 2-03-24081-JCN    Doc 10-4    Filed 01/07/04    Entered 01/07/04 16:27:23    Desc
Exhibit D    Page 2 of 3

Exhibit C
Page 1 of 1

# DILKS & KNOPIK, LLC

"When Success Matters"

June 16, 2009

United State Bankruptcy Court
Northern District of New York
Attn: Dana Rosenberg, Financial Administrator
James T. Foley Courthouse
445 Broadway, Suite 330
Albany, NY 12207

RE: Application for the Release of Unclaimed Funds

Dear Ms. Rosenberg:

I am applying to the US Bankruptcy Court, Northern District of New York for the release of the unclaimed monies due and owing to Erin Services Co., LLC for the amount of $2,224.53. This is from the Bankruptcy of Robert J. McPhail and Patricia D. McPhail and Case No. 02-15229.

Thank you for your attention to this matter.

Sincerely,

Brian J. Dilks



FILED
SEP - 9 2009
OFFICE OF THE BANKRUPTCY CLERK
ALBANY, NY

RECEIVED
JUN 22 2009
OFFICE OF THE BANKRUPTCY CLERK
ALBANY, NY

28431 SE Preston Way   Phone (425) 836-5728
PO Box 2728            Fax   (425) 650-9930
Issaquah, WA 98027     Email admin@dilksknopik.com

www.dilksknopik.com